UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RHONDA MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-351 |
| | ) | |
| DEPARTMENT JUVENILE JUSTICE, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a complaint alleging employment discrimination under the Americans with Disabilities Act (ADA). Doc. 1. She seeks to proceed *in forma pauperis* (IFP). Doc. 2. After reviewing plaintiff's application, it appears that she lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §1915(e), the Court will now screen the complaint.[1]

---

[1] The Court cautions Plaintiff that granting leave to proceed IFP in no way bears on the merits of her case. The right to proceed IFP in the federal district courts is governed by 28 U.S.C. §1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination, "Plaintiff must show that: (1) she is disabled, (2) she was a 'qualified individual' when she was terminated, and (3) she was discriminated against on account of her disability." Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016) (quoting Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003)). If a plaintiff makes this showing, the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the employment action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506–507 (1993).

Plaintiff has alleged a disability as she suffers from chronic immune thrombocytopenic purpura (ITP). Doc. 1 at 4. She has also claimed to have performed her job "at a satisfactory level" and "without any issues." *Id*. at 9. Additionally, she claims that the was told that she was "let go/unfit for duty" due to her medical condition and denied further

training. *Id.* As such, this claim—at least against her employer, the Georgia Department of Juvenile Justice—survives screening.

However, the individual defendants identified in plaintiff's complaint—DeBaja Coleman, Jason Kovorzvic, and Ms. Payne—are not proper parties to this action. "Only public entities are liable for violations of Title II of the ADA." *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) (citing 42 U.S.C. § 12131; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998)). As such, there is generally "no individual capacity liability under Title II." *Badillo v. Thorpe*, 158 Fed. App'x. 208, 211 (11th Cir. 2005). It is unclear from the complaint if plaintiff intends to sue Coleman, Kovorzvic, and Payne in their official or individual capacities. In fact, no specific allegations are made against Kovorzvic and Payne. Regardless of their classification, as these individuals were not included in plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC), they cannot be brought in as defendants in this subsequent action. *See McClure v. Oasis Outsourcing II, Inc.*, 674 Fed. App'x. 873, 874 (11th Cir. 2016) ("Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." (citing *Virgo v. Riviera Beach Assocs. Ltd.*, 30 F.3d 1350, 1358

(11th Cir. 1994)). As such, defendants Coleman, Kovorzvic, and Payne should be **DISMISSED** from this case.

Finally, plaintiff has also filed a motion to appoint counsel. Doc. 3. In this civil case, however, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (*citing Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright,* 562 F. App'x at 777 (*citing Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 889 F.2d 1088 (11th Cir. 1990) (*citing Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and

issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (*quoting Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  The facts, as articulated in the Charge of Discrimination and by plaintiff in her complaint, are not so complex or exceptional as to warrant the appointment of counsel.  Indeed, at least one of plaintiff's claims survives screening which indicates that plaintiff has the capacity to fully litigate this claim.  Therefore, the motion is **DENIED**.

In summary, plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  Doc. 2.  Her claims of employment discrimination under the Americans with Disabilities Act is **AUTHORIZED** for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon the Georgia Department of Juvenile Justice so that it may respond.  However, claims against defendants DeBaja Coleman, Jason Kovorzvic, and Ms. Payne should be **DISMISSED**.  Her motion for the appointment of counsel is **DENIED**.  Doc. 3.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA