# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |  | |
|---|---|---|---|
| RHONDA MAXWELL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CV419-351 | |
| | ) | | |
| DEPARTMENT OF JUVENILE JUSTICE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's Motion to Dismiss. Doc. 11. For the following reasons, this motion should be **GRANTED** and plaintiff's case **DISMISSED**.

## BACKGROUND

Plaintiff alleges that she suffers from chronic immune thrombocytopenic purpura (ITP). Doc. 1 at 4. She claims that she performed her job "at a satisfactory level" and "without any issues." *Id.* at 9. She states that she was "let go/unfit for duty" due to her medical condition and denied further training. *Id.* She sued her employer, the Georgia Department of Juvenile Justice (the "Department"), as well as three individual defendants pursuant to the Americans with Disabilities

Act. The Court screened plaintiff's claims and recommended the dismissal of the claims against the individual defendants, but recommended that the claim against plaintiff's employer survive screening. Doc. 8. The district judge adopted that recommendation, doc. 12, and plaintiff's employer appeared, filing a motion to dismiss, doc. 11.

Defendant contends that it is immune, under the Eleventh Amendment. Doc. 11 at 2. Defendant argues that the Department of Juvenile Justice is an arm of the state, and that the State of Georgia has not waived its immunity to claims under Title I of the ADA. *Id.* The Department also points out that the Eleventh Amendment immunity at issue is complete, barring suit regardless of the relief sought. Doc. 16 at 1. Plaintiff opposes arguing that the ADA gives people with disabilities the right to file lawsuits in federal court and obtain relief. Doc. 14.

## ANALYSIS

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). The immunity extends to all claims for relief, including damages and injunctive relief. *See Stevens*, 864 at 115 (citing

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.").

While the ADA purports to abrogate the Eleventh Amendment's immunity to the states, the Supreme Court in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), made clear that Congress had exceeded its constitutional authority in attempting to abrogate the states' Eleventh Amendment immunity for violations of Title I of the ADA. Furthermore, "[t]here is no assertion in this case that the State of Georgia has waived its immunity from suit with respect to the [ADA] claims." *Primas v. Bd of Regents of the Univ. Sys.,* 2006 WL 839242 at * 5 (M.D. Ga. Mar. 30, 2006). And prospective relief based on ongoing conduct is not sought here either (an exception to the State's Eleventh Amendment immunity).[1]  *See McCampbell v. Bishop State Community* College, 2013 WL 5979752 at * 4 (S.D. Ala. Nov. 12, 2013)

---

[1] Plaintiff seeks some injunctive relief, but that relief is specific to the illegal acts which she alleges have already occurred rather than allegations regarding ongoing or continuous violations. *McCampbell*, 2013 WL 5979752, at *4.

3

(noting that the "Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law" (citations omitted)); *Keeler v. Florida Dept. of Health*, 324 F. App'x 850, 854 n. 2 (11th Cir. 2009) (noting district court ruling dismissing ADA money damages against Florida agency on Eleventh Amendment grounds); *Rylee v. Chapman*, 316 F. App'x 901, 904 (11th Cir. 2009) (upholding dismissal of ADA claim against Georgia sheriff); *Jackson v. Friel*, 2010 WL 318369 at * 2 (D. Utah Jan 19, 2010) (dismissing ADA claim against state actor on Eleventh Amendment immunity grounds); *Williamson v. Ga. Dept. of Human Resources*, 150 F. Supp. 2d 1375, 1379-1382 (S.D. Ga. 2001).² There is no disagreement that the Department is

---

² Under Title I of the ADA,

> "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2009). In order to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that (1) she has a disability;(2) she is a qualified individual; and (3) the employer discriminated against her because of her disability. *See Greenberg v. Bellsouth Telecomms., Inc.,* 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (interpreting prior version of the Act).

*Keeler v. Florida Department of Health*, 324 F. App'x 850, 856 (11th Cir. 2009) (footnote omitted). Maxwell's discrimination claims appear to fit under Title I of the ADA, "which prohibits certain employer from discriminating on the basis of disability. *See* 42 U.S.C. §§ 12111-12117." *Lowe v. Hamilton County Dept. of Job & Family Services,* 610 F.3d 321, 325 (6th Cir. 2010). There is another portion of the ADA, *see*

a department of the State of Georgia. *See, e.g.*, https://djj.georgia.gov/about-us, (last visited Sept. 9, 2020). Thus, the Department is entitled to immunity under the Eleventh Amendment and plaintiff's case should be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, defendant's motion should be **GRANTED**, doc. 11, and plaintiff's case **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

42 U.S.C. §§ 12131-65 ("Title II") (banning public entities from discriminating against disabled people in provision of public services), and "the Eleventh Circuit has interpreted the broad language of Title II also to include claims of employment discrimination." *Bledsoe v. Palm Beach County Soile & Water Conservation Dist.*, 133 F.3d 816, 820 (11th Cir. 1998); *see* 42 U.S.C. § 12132 (prohibiting States from "subject[ing][disabled persons] to discrimination")." *Williamson v. Georgia Dept. of Human Resources*, 150 F. Supp. 2d 1375, 1379 (S.D. Ga. 2001); *but see Stine v. Pennsylvania State Police*, 2010 WL 4514326 at * 5 (M.D. Pa. Nov. 2, 2010) ("Title II of the ADA does not create a cause of action for employment discrimination"). Regardless, courts in this circuit have held that even as to Title II claims Eleventh Amendment immunity remains applicable. *See, e.g., Clifton v. Georgia Merit System*, 478 F. Supp. 2d 1356 (N.D. Ga. 2007) (finding no constitutional abrogation as to Title VII claims); *Lucas v. State of Alabama Department of Public Health*, 2016 WL 335547 (M.D. Ala. Jan. 7, 2016).

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 10th day of September, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA